Michael Kind, Esq.
Nevada Bar No.: 13903
KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com

George Haines Esq.
Nevada Bar No. 9411
Gerardo Avalos Esq.
Nevada Bar No. 15171
FREEDOM LAW FIRM
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
(702) 880-5554
(702) 385-5518 (fax)
Ghaines@freedomlegalteam.com
*Attorneys for Plaintiff Amanda Stovall*
*individually and on behalf of all others similarly situated*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Amanda Stovall, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Equifax Information Services LLC,<br><br>Defendant. | Case No:<br><br>**Class Action**<br><br>**Complaint For Damages Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.**<br><br>**Jury Trial Demanded** |

# INTRODUCTION

1. The United States Congress has found abundant evidence that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports and scores directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers. Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy. Congress wrote the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.

2. Among other things, Equifax Information Services LLC ("Defendant") issues credit scores to third parties, in connection with consumers' credit files, to represent the creditworthiness of consumers.

3. From mid-March to early April 2022, Defendant issued inaccurate and misleading credit scores on millions of consumers to third party lenders.

4. Amanda Stovall ("Plaintiff"), by counsel, brings this class action complaint to challenge the actions of Defendant with regard to Defendant's violations of the FCRA.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*

10. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 – 1681x ("FCRA").

11. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada, and because Defendant is subject to personal jurisdiction in the Clark County, Nevada, as it conducts business here and is registered with the Nevada Secretary of State. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

## PARTIES

12. Plaintiff is a natural person who resides in Clark County, Nevada.

13. In mid-March to early April 2022, Plaintiff visited a car dealership to purchase a vehicle on credit.

14. The dealership denied Plaintiff credit based on a credit score provided by Defendant.

15. Upon information and belief, had Defendant provided the dealership with an inaccurate consumer report, as defined by 15 USC § 1681a(d)(1), including an inaccurate credit score, Plaintiff would not have been denied credit by the dealership.

16. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

17. Defendant regularly assemble and/or evaluate consumer credit information for the purposes of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports. Defendant is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

## FACTUAL ALLEGATIONS

18. As one of three major credit reporting agencies in the country, Defendant tracks the credit history of almost all Americans and sells that information to banks, car dealerships, and other lenders.

19. Those lenders use the information and credit scores that they receive from Defendant, to determine whether a consumer will be approved, and if so, at which interest rate.

20. Between approximately March 17 to April 6, 2002, Defendant issued thousands of consumers' credit scores to third parties that were miscalculated.

21. In many cases, Defendant's errors were significant so that would-be borrowers—like Plaintiff—were wrongfully denied credit. In other cases, consumers were approved at a higher interest rate, or with less favorable terms, based on Defendant's miscalculations in determining the consumer's credit score.

22. Defendant violated its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

23. Had Defendant followed reasonable procedures to assure maximum possible accuracy, the dealership would have received Plaintiff's accurate information and Plaintiff's accurate credit score.

24. As such, Plaintiff is entitled to the remedies available under 15 U.S.C. §§ 1681n and 1681o.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

26. Plaintiff represents, and is a member of the Class, consisting of:

> All people whose credit score was sent by Defendant to a third party during the incident that caused Defendant's credit scores to be miscalculated, between mid-March 2022 to early April 2022, where the person was denied credit or approved at a higher interest rate because of Defendant's miscalculations.

27. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

28. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in illegal and deceptive practices, when it issued inaccurate and misleading consumer report information and miscalculated credit scores to third parties. Plaintiff and the Class members were damaged thereby.

29. This suit seeks only recovery of actual and statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definitions to seek recovery on behalf of additional people as warranted as facts are learned in further investigation and discovery.

30. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

31. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. During the relevant period, whether Defendant or its agents issued any consumer report, or credit score, in violation of its duty to maintain reasonable procedures to assure maximum possible accuracy of the information, and

   b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations.

32. As a person who suffered based on Defendant's failure to issue accurate credit reports, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

33. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size

of the individual Class member's claims, few, if any, of the Class members could afford to seek legal redress for the wrongs complained of herein.

34. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act.

35. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of the Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

36. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681e(b) (FCRA)

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

39. Defendant failed to maintain reasonable procedures to assure maximum possible accuracy of the information, as required under 15 U.S.C. § 1681e(b), when it issued thousands of miscalculated credit scores, as discussed herein.

40. As a result, Plaintiff and the Class members suffered when Equifax provided an inaccurate credit score and misleading consumer information to a third party lender, causing Plaintiff and the Class members to be denied credit, approved at a higher interest rate or with less favorable terms.

41. Had Defendant maintained reasonable procedures to assure maximum possible accuracy of the information, as required under 15 U.S.C. § 1681e(b), Plaintiff and the Class members would have been approved for their credit applications.

42. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff and Class members the following relief against Defendant:

- An order certifying the Class;
- An order certifying the undersigned counsel as Class Counsel;
- A declaratory judgment that Defendant's actions as discussed herein is unlawful and a violation of the FCRA;
- An order requiring Defendant, at its own cost, to notify all members of the Class of the unlawful acts discussed herein;
- Injunctive relief stopping Defendant from further similar violations of the FCRA;
- Statutory damages of not less than $100 and not more than $1,000.00 to Plaintiff and each Class member, pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of any such amount as the Court may allow for all other class members, against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n(a)(3); and
- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

43. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury

DATED this 8th day of August 2022.

Respectfully submitted,

**KIND LAW**

By: /s/ Michael Kind
Michael Kind, Esq.
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

**FREEDOM LAW FIRM**

/s/ George Haines
George Haines, Esq.
Gerardo Avalos, Esq.
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
*Counsel for Plaintiff Amanda Stovall*